UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25316-DPG

ERIC PHILLIP DURRENBERGER

Plaintiff, *pro se*,

v.

FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,

Defendant.
_____________________________________/

**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT**

**THIS CAUSE** is before Eric Phillip Durrenberger's ("Plaintiff") Amended Complaint. [ECF No. 14]. The case was referred to the undersigned for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. *See* [ECF No. 10]. For the reasons below, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

Plaintiff initiated this action on November 14, 2025, by filing a Complaint against Florida International University Board of Trustees and several individual defendants employed by the University's School of Social Work. *See generally* [ECF No. 1]. Plaintiff's original complaint asserted claims under Title IX of the Education Amendments of 1972 ("Title IX") and 42 U.S.C. § 1983 for purported discrimination faced as a graduate student at Florida International University. *See generally* [ECF No. 1]. Following review under 28 U.S.C. § 1915(e)(2)(B), the undersigned

[1] "A district court may dismiss a complaint *sua sponte* if the complaint is patently frivolous." *Jones v. Bay*, No. 8:23-CV-2839-TPB-JSS, 2023 WL 8780565, at *2 (M.D. Fla. Dec. 19, 2023) (citing *Guthrie* v. United States Gov't, No. 17-80390-MIDDLEBROOKS, 2017 WL 5479877, at *2 (S.D. Fla. Mar. 31, 2017)).

recommended dismissal of the Complaint. *See* [ECF No. 11 at 6]. The Complaint was dismissed, and Plaintiff was granted leave to amend. *See* [ECF Nos 13, 14].

The Amended Complaint names Florida International University Board of Trustees ("Defendant") as the sole defendant and asserts claims under Title VI of the Civil Rights Act of 1964 ("Title VI") and Title IX. [ECF No. 14 at 2–4]. Plaintiff's five-sentence Complaint alleges that: (1) he was a graduate student in the Master of Social Work Program at FIU and, on March 14, 2025, he was informed that he failed his final evaluation in FIU's Master of Social Work program; (2) he "learned that another non-Hispanic white male student had also failed the same evaluation while a different student received a near-perfect score from the same evaluation panel;" (3) he sent a written complaint "to FIU faculty" alleging discrimination based on race and gender; (4) he sent "additional written complaints" on March 24 and April 2, 2025; and (5) he was expelled from the program on April 9, 2025. *See* [*id.* at 4]. He seeks monetary damages, and an order requiring FIU to confer upon him a Master of Social Work degree and expunge his expulsion from his academic record.

**LEGAL STANDARD**

Under § 1915(e)(2)(B), a federal court is required to dismiss a plaintiff's suit if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) *is frivolous or malicious* or (ii) *fails to state a claim on which relief may be granted*. 28 U.S.C. § 1915(e)(2) (emphasis added). This screening process applies equally to non-prisoner *pro se* plaintiffs. *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *report and recommendation approved*, No. 15-24355- CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016) (citing *Boyington v. Geo Grp., Inc.*, No. 2:09- cv-570-FtM-29SPC, 2009 WL 3157642, at *1 (M.D. Fla. 2009) (in turn citing *Troville v. Venz*, 303 F.3d 1256,

1260 (11th Cir. 2002) (holding that 28 U.S.C. § 1915 dismissals apply to non-prisoners, even if fee assessment provisions do not)).

Our courts are more lenient to *pro se* filings than those drafted by practicing attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But neither the court nor its staff can serve as "*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168 (citation and quotation marks omitted). Ultimately, "proceeding *in forma pauperis* is a privilege, not a right." *Emrit v. Saint Thomas Univ. Sch. of L.*, No. 22-CV-20835, 2022 WL 874089, at *2 (S.D. Fla. Mar. 24, 2022) (internal citation and quotation marks omitted).

To state a claim for relief, a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

Notwithstanding any filing fee, Plaintiff's Amended Complaint again fails to state a claim for relief and, therefore, should be dismissed under 28 U.S.C. § 1915(e)(2). A Complaint must plead enough facts to state the basis for each alleged claim. *See Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013). The requisite factual predicate must be more than

"labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Here, it appears Plaintiff asserts two retaliation claims against Defendant under Title VI and Title IX. [ECF No. 14 at 3]. Title VI prohibits discrimination on the basis of race, color, or national origin in programs receiving federal financial assistance. *See* 42 U.S.C. § 2000d *et seq*. Title IX prevents an educational program or activity receiving federal funding from discriminating and retaliating against a plaintiff exercising a statutorily protected expression. *See* 20 U.S.C. § 1681 *et seq*.; *see also Kocsis v. Fla. State Univ. Bd. of Trs*., 788 F. App'x 680, 686 (11th Cir. 2019). To state a retaliation claim under Title VI, a plaintiff must allege that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *See McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 982 (11th Cir. 2015). The same elements apply to Plaintiff's Title IX retaliation claim. *See Kocsis*, 788 F. App'x at 686.

Plaintiff fails to plausibly allege either claim. Plaintiff does not allege supporting facts explaining the nature of the purported race or sex discrimination, nor facts showing that his expulsion was based on such discrimination or a statutorily protected expression. *See* [*id*.]. Indeed, Plaintiff does not provide supporting allegations informing the Court (and Defendant) of the nature of the evaluation he purportedly failed, how such evaluation was scored, or any supporting facts surrounding the testing circumstances of the "different student" who passed. *Farrukh v. Univ. of S. Fla. Bd. of Trs.*, No. 8:20-CV-73-VMC-TGW, 2021 WL 2156222, at *6 (M.D. Fla. May 27, 2021), *aff'd,* No. 21-13345, 2022 WL 3973703 (11th Cir. Sept. 1, 2022), and *aff'd,* No. 21-13345, 2022 WL 3973703 (11th Cir. Sept. 1, 2022) (dismissing Title VI claim containing "sweeping . . . broad assertions" of retaliation and lacking allegations of specific actions or events); *Marshall v.*

*Mayor & Alderman of City of Savannah, Ga.*, 366 F. App'x 91, 100 (11th Cir. 2010) ("Although a Title VII complaint need not allege facts sufficient to make out a . . . prima facie case, . . . it must provide enough factual matter (taken as true) to suggest discriminatory retaliation." (internal citations and quotations omitted)).[2] Notably, Plaintiff does not provide allegations of his own race, nor the race of the "different student" that received the better grade as to indicate what discrimination purportedly occurred. *See Garrette v. Gracepoint Mental Health Facility*, No. 8:16-CV-2645-33TBM, 2016 WL 7192136, at *3 (M.D. Fla. Nov. 20, 2016), *report and recommendation adopted,* No. 8:16-CV-2645-T-33TBM, 2016 WL 7189011 (M.D. Fla. Dec. 12, 2016) (dismissing case where complaint "does not include any allegations of race, color, or nationality such that Plaintiff could bring a Title VI claim.").

Plaintiff also fails to allege facts establishing a causal connection between his complaints and his expulsion. *See Mulloney v. Polk Cnty. Bd. of Cnty. Commissioners*, No. 8:17-CV-2573-T-36TGW, 2018 WL 11485769, at *7 (M.D. Fla. Sept. 10, 2018) (dismissing retaliation claim where plaintiff alleged "largely conclusory" claims with "no other factual material" other than formulaic recitation of elements of the cause of action).

While Plaintiff notes that he was expelled after submitting complaints to Defendant, he stops just short of alleging that the expulsion was due to the complaints. *See* [ECF No. 14 at 3–4]. Plaintiff alleges that he submitted written complaints to FIU faculty raising concerns about discrimination based on race and sex. [*Id.*]. The next allegation simply states that Plaintiff was expelled from the program on April 9, 2025. [*Id.*]. Plaintiff does not allege any other facts supporting his claims for discrimination nor alleging a causal relationship between his complaints

---

[2] "Retaliation claims under Title IX are analyzed under the framework for claims under Title VII of the Civil Rights Act of 1964[.]" *Kocsis*, 788 F. App'x at 686.

and eventual expulsion. He identifies no statements, actions, or other factual allegations linking the expulsion decision to his complaints of discrimination and leaves the Court to speculate on the same. *See* [*id.* at 3–4]; *see also Walker v. Sec'y*, *U.S. Dep't of Air Force*, 518 F. App'x 626, 628 (11th Cir. 2013) ("To demonstrate a causal connection, 'a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" (quoting *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002))). Instead, Plaintiff relies on conclusory assertions of discriminatory retaliation and leaves it up to the Court to speculate on the connection to the claims he asserts. *See Sherman v. Quest*, No. 18-60973-CIV, 2020 WL 6791100, at *22 (S.D. Fla. Nov. 19, 2020) ("To establish a 'causal connection,' the Plaintiff must do more than simply allege a connection in conclusory fashion." (citing *Williams v. Brown*, 347 F. App'x 429, 435 (11th Cir. 2009)); *Iqbal*, 556 U.S. at 678 (a complaint must allege more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]").

## CONCLUSION

**THEREFORE,** it is **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 14] be **DISMISSED WITHOUT PREJUDICE** for its failure to state a claim.

Objections to this Report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station* #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 30th day of June, 2026.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc: U.S. District Darrin P. Gayles;**
**All Counsel of Record**